UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| ROBERT W. JOHNSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 2:23-CV-116 |
| | ) | |
| vs. | ) | |
| | ) | |
| FACEBOOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a pro se Complaint [Doc. 2], and a Motion [Doc. 1] to proceed *in forma pauperis*. On September 13, 2023, this Court ordered [Doc. 4] Plaintiff to file a completed Application to Proceed without prepayment of fees. For the sake of efficiency, the Court also performed the initial screening of Plaintiff's complaint that is required when litigants are granted permission to proceed without prepayment of fees. In doing so, the Court noted that Plaintiff had failed to provide a sufficient factual basis to support his claims but observed that he could potentially set forth a colorable claim under 42 U.S.C. § 1983 if he provided a more fully developed factual basis for those claims.

Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint, [Doc. 2], but required that any amended complaint be filed within the same thirty-day timeframe which was granted to him to file a completed Application to Proceed without prepayment of fees. [Doc. 4, p. 4]. Further, the Court placed Plaintiff on notice that if an amended Complaint was not filed within the thirty-day timeframe, this Court intended to recommend to the

District Court that the Complaint be dismissed because it failed to state a claim upon which relief could be granted. *Id.* More than thirty days have now passed but Plaintiff has filed nothing further with the Court.

## I.     *IN FORMA PAUPERIS* MOTION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff has filed only the first page of the required Application to Proceed without prepayment of fees. While Plaintiff's application indicates that he receives no income, he has not filed the second page of the form Application, which includes a declaration that his financial information is true and provides a place for disclosure of assets and debts. Accordingly, the undersigned recommends that Plaintiff's Motion [Doc. 1] be **DENIED**.

## II.     COMPLAINT SCREENING

As noted in its previously entered Order [Doc. 4], when screening a plaintiff's complaint under these circumstances, a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See also Neitzke v. Williams,* 490 U.S. 319 (1989). In determining whether the claims set forth in Plaintiff's complaint are frivolous and whether they are ones upon which relief may be granted, the Court will liberally construe Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

Here, Plaintiff has filed suit against Facebook, Meta LLC, Rudy Giuliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith, Robert Cheeley, Cathleen Latham, Scott Hall, Stephen Lee, Harrison Floyd, Trevian Kutt, Sidney Powell, Misty Hampton, Michael Roman, David Shafer, Shawn Still, Vladimir Putin, and Twitter. As a factual

3

Case 2:23-cv-00116-TRM-CRW     Document 7     Filed 10/16/23     Page 3 of 5     PageID #: 19

basis for his Complaint, Plaintiff provides the following: "All defendants committed identity theft, fraud, U.S. Constitutional violations, RICO Acts and Due Process violations against Robert W. Johnson." Plaintiff requests $100,000,000.00 in punitive damages, 100% ownership of defendants' assets and "liquidations", and all other just and proper relief.

As explained in the Court's previous order, Plaintiff's one-sentence description of his claim includes only the conclusory contention that the named defendants violated various laws, which is insufficient to survive even the lenient screening standard under § 1915. Plaintiff has not alleged what, if any, events occurred that provide a basis for his lawsuit, nor has he provided the dates or locations of any events, in which defendants were allegedly involved. Moreover, he has not attributed any specific actions to any named defendant. Without more, the Court has no choice but to recommend dismissal of Plaintiff's complaint as it fails to set forth any claim upon which relief may be granted.

### III. CONCLUSION

For reasons stated above, this Court **RECOMMENDS** that Plaintiff's Motion [Doc. 1] seeking leave to proceed *in forma pauperis* be **DENIED** and Plaintiff's Complaint [Doc. 2] be **DISMISSED**.

This matter is now presented to the District Judge upon this Report and Recommendation under the authority of *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990), wherein the Court

states that such matters proceed to a district judge for examination after a magistrate judge has evaluated the petition to proceed *in forma pauperis*.[1]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).